Smith, J.
It is claimed that the court of common pleas erred in sustaining a demurrer to the petition filed in that court by Snider, against the defendants in error.
His petition, filed Sept. 14, 1883, alleges that he is the administrator de bonis non with the will annexed, of D. S. Meeker, deceased, late of this county. That said will was probated in the probate court of this county,July 28, 1864, and his widow, Louisa Meeker, now Louisa Graham, was named as executrix thereof,and qualified as such,and elected to take the provision made for her by said will. That said will directed the debts and the costs of administering his *387 ■estate to be first paid; that his widow should have all the personal estate, she to pay his debts out of the same. She was also +o receive one-third of his real estate, and John Meeker the residue thereof. That at his death the testator owned certain real estate which is described.
On June 22, 1867, Louisa, his widow, married, and then ceased to be the legal executrix, and plaintiff was appointed administrator, as aforesaid,and still continues as such. On February 25, 1869, be filed his final account for settlement. He accounted for the sum of $7,063.97, as such administrator, and paid over and distributed the same. That all debts of said estate have been paid except that due plaintiff, and on April 5, 1869, the said probate court allowed and confirmed said final account of plaintiff.
Afterwards,on June 26, 1869, said court “did duly allow” plaintiff his commission as such administrator on said sum so accounted for by him, the sum allowed being $261.26. That is has never been paid, and he claims that there is now due him from the estate said sum, with interest from June 26, 1867.
He further says that the personal property of said D. S. Meeker has all been administered, and that it is now necessary to sell real estate to pay plaintiff’s claim against the estate.
To this petition a general demurrer was filed and sustained by the court, and the plaintiff not wishing to amend, his action was dismissed. Was this action of the court right?
The claim on the face of it presents some singular features. No reason is shown in the petition, why the administrator of this estate, when he made what he says was his final account with the estate, and accounted for over $7,000.00 of personal property which he said he paid over and distributed (presumably to the widow, who, under the will, took the same), did not have the probate court fix *388 his compensation, and retain it out of the personal estate. Nor is it shown how, or why, nearly three months after the final settlement, the probate court “duly allowed” him his commission now claimed,or why he waited more than thirteen years thereafter without attempting to collect it. Has the administrator, at this time, the right to sell real estate that belonged to his intestate, to pay this claim of his?
. The statute provides “that as soon as the executor or administrator shall ascertain'that the personal estate in his hands will be insufficient to pay the debts of the deceased, * * and the charges of administering the estate,” he shall apply for power to sell the real estate of the deceased. Saying nothing as to the delay of this administrator for thirteen years, we see no averment in the petition that the personal estate of his intestate, was not amply sufficient to pay all his debts and costs of administration. The strong implication is that it was, and that he had paid and distributed the same to the legatee thereof, under his will, the word “distributed” importing that the debts of the deceased having, in all probability, been paid under the administration -of the widow herself, which lasted three years. If then there was personal estate of the testator amply sufficient to pay all charges against it, on what principle is it that the administrator can pay that over to a legatee or distributee, and ask for, and have land devised to other persons, sold for the payment of claims which were a charge on the personal estate? It cannot be done.
Again, how could the probate court, after the final settlement of the estate, “duly allow” a claim of the administrator for his compensation? It may be conceded that the finding of the court making such allowance to an administrator on the settlement of his account, make a debt of record, and that it is binding until set aside, and can not be collaterally impeached. But to hold that after the final settlement of the estate of a decedent, the probate court *389 can, without opening up the former settlement on notice of the parties interested, by an entry on the journal made at the request of the administrator, and without a hearing, render a “judgment” in favor of the administrator for his commission, which would be binding, would be going very far. As the court is one of special and limited jurisdiction, the manner in which that allowance was made should be set-out, and the allegation that it was “duly” made, when the petition itself shows that it was done after the final settlement of the estate,we think is not sufficient,
S. T. Crawford, for Plaintiff in Error.
Paxton & Warrington, for Defendant in Error.
If the allowance was not in the nature of a judgment or finding which the court was authorized to then make, it is clear that the right of the plaintiff to recover thereon would be barred in six years.
On the facts alleged, we think the court of common pleas properly sustained the demurrer, and the judgmont will be affirmed,with costs.